**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60054
Summary Calendar

EDWARD D. WARD,

                                    Petitioner-Appellant,

versus

MICHAEL A. WILSON,

                                    Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(2:03-CV-334)
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Edward D. Ward, Mississippi prisoner # W0132, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, in which Ward challenged his 2000 jury-trial convictions of rape, sexual battery, and burglary of a building. Ward was sentenced to consecutive prison terms of life, 30 years, and 25 years.

    We granted Ward a certificate of appealability as to two ineffective-assistance-of-counsel claims: whether counsel performed ineffectively by (a) failing to object to an allegedly impermissibly suggestive photographic line-up used for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

identification purposes before and during the trial and (b) failing to object to an allegedly inaccurate statement in the trial transcript regarding the victim's in-court identification of Ward as her assailant.

Federal habeas relief may not be granted on any claim that was "adjudicated on the merits in State court" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see Williams v. Taylor, 529 U.S. 362, 409 (2000).

The Mississippi Court of Appeals's published opinion on direct appeal reported that the trial evidence showed that Ward broke into the home of a 104-year-old woman, sexually assaulted her, and took her "house money" as well as dishes from a china cabinet.  The victim identified Ward from a photo line-up that contained six photographs.  She also testified that she recognized Ward because he had recently been at her house on two occasions prior to the assault and burglary; he had identified himself as "Big June" or "Big June's son."  The victim's niece and nephew also identified Ward as having been at the house within two weeks of the offenses; Ward was purportedly looking for work.  Other witnesses testified that, within hours after the offenses, Ward was attempting to sell dishes that matched dishes from the victim's home.  A box of dishes that were recovered bore Ward's fingerprints.  Two hairs that were found on the victim's bed had the same microscopic characteristics as Ward's hair.

Ward contends that his attorney should have objected to the photographic line-up as impermissibly suggestive because the photo of Ward that was included in it did not match the description the victim had provided immediately after the offense. He emphasizes that she told officers that her assailant was "very shaved," had "no hair" on his head, and was "chubby." Ward argues that his photo in the line-up, taken one day after the offenses, shows that he had hair on his head and a goatee. He also contends that other subjects in the photo line-up were "obviously thinner" than he. Our review of the copies of the six photographs from the line-up reflects that all six men had similarly short hair and facial hair and similarly dark complexions and that none was noticeably "thinner" than Ward. Moreover, the trial testimony indicated that the investigator conducting the photo line-up provided all six photographs to the victim, did not suggest that Ward was the assailant, did not place Ward's photograph in a conspicuous position within the group, and provided the victim "time to sit down and look at them and sort them up and take [her] time."

Ward has not established that either the photographic line-up or the identification procedure was so "impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." See Simmons v. United States, 390 U.S. 377, 384 (1968); Livingston v. Johnson, 107 F.3d 297, 309 (5th Cir. 1997); Peters v. Whitley, 942 F.2d 937, 940 (5th Cir. 1990) (holding that similar line-up was not impermissibly suggestive). Ward has fallen short of establishing that counsel performed

3

ineffectively by failing to object to the line-up and procedure, see Strickland v. Washington, 466 U.S. 668, 687-94 (1984), and that the state appellate court's resolution of the claim was based on an unreasonable application clearly established federal law. See 28 U.S.C. § 2254(d)(1).

Ward also contends that counsel should have objected to the accuracy of the trial transcript with respect to the victim's in-court identification of Ward as her attacker. Because of the victim's advanced age, the trial court had allowed her to be pushed in her wheelchair to various positions within the courtroom to aid her identification of her assailant. The transcript reflects that, when the victim stopped in front of Ward, she said, "That's him." Ward asserts that at that time the victim actually asked, "You Big June's son? Is you the one who did this to me?" For the first time in this appeal, both Ward and his attorney at the trial have filed affidavits attesting to this version of events.

Even if we were to consider these affidavits, which the respondent has moved to strike as not being part of the record on appeal, they would not establish that Ward's counsel performed ineffectively by failing to object to the accuracy of the transcript. See Strickland, 466 U.S. at 687. Within moments after the disputed testimony discussed above, the victim clearly and definitely made a courtroom identification of Ward as her attacker. As noted, other evidence strongly indicated that Ward was the person involved. As Ward cannot show that he was prejudiced by counsel's failure to challenge the transcript's accuracy,

4

see id. at 694, he cannot establish that the state appellate court's disposition of this claim was an unreasonable application of clearly established federal law.  See 28 U.S.C. § 2254(d)(1).

The judgment of the district court is AFFIRMED.